# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CARRIE L. THOMAS,**                         Case No. 5:19 CV 2932

    Plaintiff,                             Judge Pamela A. Barker

    v.                                   Magistrate Judge James R. Knepp II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.                        **REPORT AND RECOMMENDATION**

## INTRODUCTION

Currently pending before the Court is Plaintiff's Amended Motion to Proceed *In Forma Pauperis*. (Doc. 5). This case is before the undersigned pursuant to a referral under Local Rule 72.2 for a Report and Recommendation. (Non-document entry dated December 20, 2019). For the reasons discussed below, the undersigned recommends the motion be DENIED and Plaintiff be required to pay the filing fee in this matter.[1]

## RELEVANT BACKGROUND

On December 19, 2019, Plaintiff filed a Complaint against the Commissioner of Social Security, challenging the Commissioner's decision to deny benefits. (Doc. 1). Plaintiff also filed a Motion to Proceed *In Forma Pauperis*. (Doc. 2). Finding the attached application incomplete, the undersigned ordered Plaintiff to file a revised, completed, application. (Doc. 4). Plaintiff then filed the currently-pending Amended Motion to Proceed *In Forma Pauperis*. (Doc. 5).

---

1. This report and recommendation is filed pursuant to *Woods v. Dahlberg*, 894 F.2d 187 (6th Cir. 1990) (denial of motion to proceed *in forma pauperis* ("IFP") outside scope of Magistrate Judge's authority).

In the Amended Motion, Plaintiff indicated monthly income of $652.00 (in addition to $406.00 per month in child benefits) and her spouse's monthly income as $5,796.00. (Doc. 5, at 1). For assets, Plaintiff listed $450.00 in cash or bank accounts between herself and her spouse, a home valued at $80,000, two model year 2017 leased vehicles, and $100.00 in Pepsi stock. *Id.* at 2. Plaintiff indicated monthly expenses of $995.00 for herself and $4,095.00 for her spouse, including mortgage ($930.00), utilities ($500.00), home maintenance ($100.00), food ($700.00), car lease payments ($720.00) motor vehicle installment payment ($915.00), and credit card installment payments ($1,550.00). *Id.* at 3-4. Plaintiff indicated she expected income changes in the next twelve months, *id.* at 4, explaining in an attachment that she expected her work hours to be cut from two days per week to one day per week, *id.* at 5. Plaintiff indicated her two school-age granddaughters rely on her or her spouse for support, but did not list an amount contributed monthly for their support. *Id*. at 3.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915, this Court "may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such [person] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). The Sixth Circuit has recognized that "pauper status does not require absolute destitution." *Foster v. Cuyahoga Dep't of Health & Human Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (citing *Sears, Roebuck & Co. v. Charles W. Sears Real Estate*, Inc., 865 F.2d 22, 23 (2d Cir. 1988)). Rather, the relevant question is "whether the court costs can be paid without *undue* hardship." *Id.* (emphasis added).

In addition to considering an individual IFP applicant's monthly income, federal courts have consistently considered "his or her other financial resources, including resources that could be made available from the applicant's spouse, or other family members," as well as equity in real estate and automobiles. *Helland v. St. Mary's Duluth Clinic Health Sys.*, 2010 WL 502781, *1, n.1 (D. Minn.); *Behmlander v. Comm'r of Soc. Sec.*, 2012 WL 5457466, *2 (E.D. Mich.); *Levet v. Comm'r of Soc. Sec.*, 2014 WL 3508893, at *2 (N.D. Ohio); *see also Reynolds v. Crawford*, 2009 WL 3908911, at *1 (S.D. Ohio) ("The case law also directs the courts to consider the income and assets of the applicant's spouse in assessing an application to proceed *in forma pauperis*.") (collecting cases); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn), *aff'd*, 788 F.2d 1 (2d Cir. 1985) (table) ("If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts."). Proceeding IFP "is a privilege, not a right, and permission to so proceed is committed to the sound discretion of the court." *Camp v. Oliver*, 798 F.2d 434, 437 (11th Cir. 1986).

Here, Plaintiff's application reflects that she and her spouse have a monthly gross income of $6,854. (Doc. 5, at 2). This exceeds monthly expenses – which include $720 in car lease payments, $915 in a motor vehicle installment payment, and $1,550 in credit card payments – by $1,764 per month. *Id.* at 2-5. Moreover, Plaintiff indicates a home worth $80,000 and cash and bank assets of $450. *Id.* at 2. In light of Plaintiff's income and assets, it appears she possesses the financial ability to cover the costs of filing the complaint without *undue* financial hardship. This is true even taking into account Plaintiff's statement that she expects some reduction in her future income. Thus, this is a case where Plaintiff must "weigh the financial constraints posed by pursuing her complaint against the merits of her claims." *Behmlander*, 2012 WL 5457466, at *2. Financial

3

ability has been found, and thus IFP denied, where income and assets were less than those shown in Plaintiff's application. *See, e.g.*, *Boykin v. Comm'r of Soc. Sec.*, 2017 WL 1023795 (N.D. Ohio) (order adopting recommendation to deny IFP because monthly gross income exceeded expenses by $490.00); *Gonzalez v. Comm'r of Soc. Sec.*, 2018 U.S. Dist. LEXIS 75833 (N.D. Ohio) (recommending denial of IFP where monthly income exceeded expenses by $1,100.00), *report and recommendation adopted*, 2018 U.S. Dist. LEXIS 75835; *Hasselback v. Comm'r of Soc. Sec.*, 2017 WL 3033434 (E.D. Ky.) (recommending denial of IFP when monthly income exceeded expenses by $1,030.00), *report and recommendation adopted*, 2017 WL 3032430. Based on the foregoing, the undersigned finds that Plaintiff is not eligible to proceed IFP and recommends that the court DENY Plaintiff's application and require her to pay the filing fee.

## CONCLUSION AND RECOMMENDATION

For the reasons discussed above, the undersigned recommends Plaintiff's Amended Motion to Proceed *In Forma Pauperis* (Doc. 5) be DENIED and Plaintiff be required to pay the filing fee to proceed in this matter.

 s/ James R. Knepp II
United States Magistrate Judge

*ANY OBJECTIONS* to this Report and Recommendation must be filed with the Clerk of Court within fourteen days of service of this notice. Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation. *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).